IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-25,371-02 AND WR-25,371-03






EX PARTE DAVID ALAN CALDWELL, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 42292-A AND FR41737-A IN THE 264TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled
substance with intent to deliver and delivery of a controlled substance and sentenced to twelve years'
imprisonment. 

 Applicant contends that he is being denied credit for time spent on parole release and time spent
in custody in Nevada pursuant to pre-revocation warrants or detainers. Applicant was within 180 days
of the date of release on mandatory supervision when he filed these applications. Tex. Gov't Code §
501.0081 (c) (Vernon 2007). Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App.
1988). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division to file affidavits listing Applicant's sentence begin dates, dates of release, and the dates of issuance
and filing of any parole revocation warrants and detainers leading to the revocation of release. The affidavit
should state whether Applicant is serving a sentence for, or has previously been convicted of, an offense
which was listed in Tex. Gov't. Code § 508.149(a) at the time of Applicant's revocation. The affidavit
should also address how much time was remaining on these sentences on the date that Applicant was
released, how much time Applicant spent on release before the issuance of the pre-revocation warrants,
and how much time Applicant spent in custody in Nevada pursuant to the warrants or detainers. The
affidavit should state whether or not Applicant is receiving credit for any of the time from the date of release
to the date he was returned to Texas.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Tex. Code Crim. Proc. Art. 11.07, § 3(d). If the
trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is eligible to earn street time
credit, and if so, whether he is entitled to credit for his time spent on release. The trial court shall make
findings of fact as to whether and when pre-revocation warrants or detainers were issued or filed while
Applicant was confined in Nevada. The trial court shall also make findings as to whether Applicant is
receiving the proper amount of time credit. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, copies of the orders
granting the continuances shall be sent to this Court. Supplemental transcripts containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: November 21, 2007

Do not publish